The Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| JACOB ATKINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HERC RENTALS, INC., a foreign corporation; HERC RENTALS EMPLOYEE SERVICES LLC, a foreign limited liability company; and DOES 1-20,<br><br>Defendants. | Case No. 2:23-cv-01739-JNW<br><br>**DEFENDANTS' COMBINED MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FRCP RULE 12(f)**<br><br>Note for Hearing:  December 15, 2023<br>With Oral Argument |

## I.    INTRODUCTION

Defendants Herc Rentals, Inc., and Herc Rentals Employee Services LLC (collectively, "Defendants") respectfully submit this Combined Motion to Dismiss the Class Action Complaint ("Complaint") filed by Plaintiff Jacob Atkinson ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6), and to Strike the Class Action Allegations in the Complaint, pursuant to Fed. R. Civ. P. 12(f).

Plaintiff claims that on March 9, 2023, he applied for a job opening with Defendants, but the job posting did not include the wage scale or salary range, in violation of RCW 49.58.110's job posting requirements. Dkt. 2-1, ¶¶ 16, 29-31. However, Plaintiff failed to plead a plausible claim for relief under RCW 49.58.110 for two reasons:

DEFENDANTS' COMBINED MOTION TO DISMISS AND STRIKE - 1
Case No. 2:23-cv-01739-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

- First, RCW 49.58.110 applies only to applicants and employees who are residents of Washington, and Plaintiff failed to allege that he was a resident of Washington at the time that he applied for a job with Defendants. Moreover, Plaintiff cannot cure this failure by amending the Complaint because he was a resident of California when he submitted his application, and the Complaint is subject to dismissal without leave to amend on this basis alone. *See, e.g., Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107-08 (9th Cir. 2003) (noting dismissal may be without leave where amendment would be futile).

- Second, RCW 49.58.110 requires an application to be made in good faith and with the intent to gain employment, but Plaintiff failed to allege that he applied for a job with Defendants in such a manner. Instead, Plaintiff attempts to recast RCW 49.58.110 as a strict liability statute under which Defendants would be liable to any individual who merely submits a job application, without regard to their qualification, interest, and the like. Such a scenario is disfavored and would lead to absurd results.

Therefore, Plaintiff's First Cause of Action should be dismissed.

The Court should likewise dismiss Plaintiff's Second and Third Causes of Action for injunctive and declaratory relief because there is no underlying substantive claim.

In addition, Plaintiff seeks to pursue his RCW 49.58.110 claim as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of all individuals who, since January 1, 2023, applied for a job opening with Defendants in Washington where the job posting did not include the wage scale or salary range for the position. Dkt. 2-1, ¶ 20. Although Plaintiff failed to state a claim under RCW 49.58.110 for the reasons described above, even if he had plausibly pleaded such a claim, Plaintiff's class action allegations should be stricken. That is because RCW 49.58.110 considers Plaintiff to be an applicant only for the specific job posting that he applied for, and thus, he cannot purport to be representative of applicants for every available job of Defendants. Accordingly, Plaintiff's class action allegations should be stricken, or in the very least, they should be limited to the position for which he applied.

///

///

///

DEFENDANTS' COMBINED MOTION TO DISMISS AND STRIKE - 2
Case No. 2:23-cv-01739-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## II.  RELEVANT BACKGROUND FACTS

### A.  The Complaint and Plaintiff's Application

Plaintiff alleges that, on or about March 9, 2023, he submitted an online application for a "ProSales Associate" position at Defendants' location located in Woodville, Washington. *Id.* at ¶ 16. Plaintiff attached to his Complaint screenshots of what he claims is the job posting for this position. *Id.* at Ex. 1. Plaintiff alleges that the job posting did not disclose the wage scale or salary range, in violation of RCW 49.58.110. *Id*. at ¶¶ 29-32. Plaintiff claims that, as a result, he lost valuable time applying for the job and he was unable to evaluate, negotiate, or compare the pay for the position to other ones. *Id*. at ¶¶ 17-18. Plaintiff seeks to bring his RCW 49.58.110 claim on a classwide basis encompassing the applicants for every job posting of Defendants in Washington that did not include a wage scale or salary range. *Id*. at ¶ 20.

Plaintiff failed to allege that he applied in good faith and with a genuine interest in employment with Defendants. Nor did he allege that he had the requisite experience, skills, and qualifications for the position for which he applied.

Although he alleged in his Complaint that he is a resident of King County, Washington, *id*. at ¶ 8, as part of his application, Plaintiff disclosed that he resided in Goleta, California at the time that he applied for the ProSales Associate position. Dkt. 3, Declaration of Derek Lively In Support of Defendants' Notice of Removal, Ex. 1 at ¶ 5; Dkt. 3-1. His application for the ProSales position consisted essentially of submitting his resume. *Id.* Despite applying for a sales position with Defendants, Plaintiff's resume reflected no sales-related experience whatsoever, but rather, experience, among other things, as a provider of acupuncture and massage services. *Id.*

### B.  Plaintiff's Other Similar Cases

In addition to this case, Plaintiff also initiated approximately 15 lawsuits based on nearly identical alleged violations of RCW 49.58.110. Pankratz Decl., ¶ 11. In doing so, Plaintiff took a scattershot approach of applying for positions including sales with Defendants, and a variety of other seemingly unrelated positions with AJP Enterprises, Adidas America, Albertson's, Simon

DEFENDANTS' COMBINED MOTION TO DISMISS AND STRIKE - 3
Case No. 2:23-cv-01739-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1   Property Group, Jacobs Solutions, Office Depot, Burberry, Washington Fine Wine & Spirits,
2   Aaron's, Sonesta International Hotels, AMF Bowling Centers, Intercontinental Hotels Group,
3   Williams-Sonoma, and BP Products.  Pankratz Decl., ¶ 11.

### C. Washington Equal Pay and Opportunities Act

The EPOA, which was originally enacted in 2018 to update the existing Washington equal pay act, aims to close the "gap in wages and advancement opportunities among workers in Washington, especially women." RCW 49.58.005(1). Washington's legislature "intend[ed]" to "address income disparities" and "to reflect equal status of all workers in Washington." RCW 49.58.005(4).

Subsequently, in 2019, the Washington legislature amended the EPOA to require Washington employers to disclose wage scales upon the request of an employee or an applicant who has been offered a position. Later, in 2022, the Washington legislature again amended the EPOA. This time the Washington legislature required covered Washington employers to disclose wage scales in job postings. *See* RCW 49.58.110. According to the EPOA's legislative history, this requirement was designed to facilitate a "discussion" about compensation "at the start of the process instead of after an offer has been made" and to prevent "candidates [from] spend[ing] hours going through rounds of interviews [without wage information]." Dkt. 2-1, ¶ 3 (quoting H.B. Rep. ESSB 5761, at 2-3 (Wash. 2022)).

The Washington State Department of Labor and Industries ("L&I"), which is the state agency charged with enforcing and interpreting the EPOA, *see* RCW 49.58.010 and RCW 49.58.090, has provided guidance regarding the interpretation and application of the EPOA. In December of 2022, L&I issued Publication F700-225-000 containing updates about the EPOA's new job posting requirements. *See* https://www.lni.wa.gov/forms-publications/F700-225-000.pdf, Pankratz Decl., Ex. I. Publication F700-225-000 explained that RCW 49.58.110, which contained the EPOA's new job posting requirements, "applies to Washington based employees and applicants." *Id.* at 1. In its previously released Administrative Policy Number ES.E.1, L&I

DEFENDANTS' COMBINED MOTION TO DISMISS AND STRIKE - 4
Case No. 2:23-cv-01739-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

explained that "[a] person is only considered an "applicant" for the specific posting(s) they applied for, not for every available job of the employer." *See* https://www.lni.wa.gov/workers-rights/_docs/ese1.pdf, Pankratz Decl., Ex. J, at 9. In February of 2023, L&I issued F700-200-000, which explained that "L&I will investigate complaints filed by applicants who have applied to a job in good faith with the intent of gaining employment." *See* https://lni.wa.gov/forms-publications/F700-200-000.pdf, Pankratz Decl., ¶ 14, Ex. K, at 1.

### III. LEGAL STANDARD FOR MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss claims for "failure to state a claim upon which relief can be granted." In evaluating a complaint that is challenged under Rule (12)(b)(6), the Court must accept the allegations as true and construe the facts pled in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). The Court may not, however, "supply essential elements" of Plaintiff's claim. *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678.

While the Court must accept all well-pleaded facts as true, it need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is the Court required to accept legal conclusions cased in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may "consider certain materials – such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss

DEFENDANTS' COMBINED MOTION TO DISMISS AND STRIKE - 5
Case No. 2:23-cv-01739-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

into a motion for summary judgment." *Hanson v. MGM Resorts Int'l,* 2017 U.S. Dist. LEXIS 113690, *4-5 (W.D. Wash. July 20, 2017).

As discussed herein, the EPOA's job posting requirements set forth in RCW 49.58.110 do not apply to an applicant who is not a resident of Washington at the time that the individual applied. Nor do they apply to unqualified applicants or those who have no genuine intention of interviewing for and/or accepting the position at issue. Instead, they apply to residents of Washington who have applied for a job in good faith with the intent of gaining employment. Since Plaintiff failed to make any such allegations in the Complaint, and because RCW 49.58.110 neither applies to non-Washington residents nor allows civil actions by applicants, Plaintiff has failed to state a claim for relief. Therefore, the Complaint should be dismissed.

## IV. ARGUMENT FOR MOTION TO DISMISS

### A. Plaintiff failed to allege he was a Washington resident at the time he submitted an application to Defendant.

The EPOA does not authorize a non-resident to assert a claim under RCW 49.58.110. As described above, the intent of the EPOA is to address "gap[s] in wages and advancement opportunities among workers in Washington," RCW 49.58.005(1), and to protect "workers in Washington state," RCW 49.58.005(2). *See also*, Dkt. 2-1, ¶ 2. Nothing in the EPOA's text gives it an extraterritorial reach. Further to this point, L&I's Publication F700-225-000 provides that RCW 49.58.110, which contained the EPOA's new job posting requirements, "applies to Washington based employees and applicants." Pankratz Decl., Ex. I, at 1.

Here, while Plaintiff alleges that he is presently a resident of King County, Washington, Dkt. 2-1, ¶ 8, he failed to allege that he was a resident of Washington at the time that he applied for a position with Defendants. As explained above, Plaintiff, however, cannot even make such an allegation in an amended pleading because he was a resident of California at that time. Dkt. 3-1. Since the EPOA does not protect a non-resident applicant like Plaintiff, the First Cause of

DEFENDANTS' COMBINED MOTION TO DISMISS AND STRIKE - 6
Case No. 2:23-cv-01739-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Action alleging a claim under RCW 49.58.110 should be dismissed. Since this defect cannot be fixed by amendment, the dismissal should be without leave to amend.

### B. Plaintiff failed to allege that he applied for a position with Defendants in good faith and with the intent of gaining employment.

The term "applicant" is undefined in the EPOA. If the plain language is ambiguous, a court may "resort to aids of statutory construction and legislative history." *Univ. Ins., LLC v. Allstate Ins. Co.*, 564 F. Supp. 3d 934, 939–40 (W.D. Wash. 2021) (quotation omitted). An administrative agency's interpretations of statutory text "are entitled to deference under Washington law and will be upheld if they are a plausible construction of the statute or rule." *Huntley v. Bonner's, Inc*., 2003 U.S. Dist. LEXIS 26643, *12 n.4 (W.D. Wash. Aug. 14, 2003) (quotation omitted).

The Washington legislature intended for RCW 49.58.119 to protect applicants who applied for positions in good faith and with the intent of gaining employment, particularly those applicants who were or would be engaged in wage or salary discussions and interviews with employers. *See, e.g.,* H.B. Rep. ESSB 5761, at 2 (noting disclosure would allow for pay discussions at the outset), https://lawfilesext.leg.wa.gov/biennium/2021-22/Pdf/Bill%20Reports/House/5761-S.E%20HBR%20APH%2022.pdf?q=20231117063612, Pankratz Decl., Ex. L. In Publication F700-200-000, L&I confirmed this good faith requirement when it explained that "L&I will investigate complaints filed by applicants who have applied to a job in good faith with the intent of gaining employment." Pankratz Decl., Ex. K, at 1.

Here, Plaintiff made no allegation that he applied for the position with Defendants in good faith with the intent of gaining employment. In fact, Plaintiff's application and conduct as it relates to RCW 49.58.110 indicates that the opposite is true. At the time that he applied for a position with Defendants, Plaintiff apparently owned and operated an acupuncture and massage services business in Goleta, California, which based on Google Maps is more than 1,000 miles away from King County, Washington. Pankratz Decl., ¶ 16. Yet for some reason, he applied for a sales position with Defendants, despite not having worked in such a role in his entire career. Dkt. 3-1;

DEFENDANTS' COMBINED MOTION TO DISMISS AND STRIKE - 7
Case No. 2:23-cv-01739-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Pankratz Decl., ¶ 2. Furthermore, in just the past several weeks and months, Plaintiff has become a serial job applicant and apparently a poster child for class actions under RCW 49.58.110. Indeed, Plaintiff has applied for approximately 15 other low-level positions at office supply stores, hotel chains, gas stations, furniture stores, bowling allies, furniture rental companies, luxury fashion stores, and other employers in Washington, and shortly thereafter, he has filed similar class action lawsuits these employers. Pankratz Decl., ¶ 11. In other words, it seems like he was trolling career pages in search for job postings, but not the jobs themselves. Plaintiff's conduct demonstrates that he is not applying for jobs in good faith or genuinely interested in gaining employment, but rather, he is much more interested in trying to collect money under RCW 49.58.110 from as many Washington employers as possible.

The Washington legislature did not intend for an applicant to be able to game the system using RCW 49.58.110 like Plaintiff. *See, e.g.,* S.B. Rep. ESSB 5761, at 3 (noting "There could be some unintended consequences."), https://lawfilesext.leg.wa.gov/biennium/2021-22/Pdf/Bill%20Reports/Senate/5761%20SBR%20LCTA%20OC%2022.pdf?q=2023111706361, Pankratz Decl., ¶ 15. But that is what Plaintiff is attempting to do by recasting RCW 49.58.110 as a strict liability statute under which Washington employers would automatically be liable to any applicant who submits a job application, without regard to their qualification, genuine interest, and the like. Consider how this scenario could play out. Plaintiff's counsel has understandably been featured in a multitude of media placements regarding the nearly 50 class actions for about nine named plaintiffs that they have filed against Washington employers under RCW 49.58.110. Imagine that these media placements go viral on social media, and before you know it, the general public starts applying for jobs left and right to see if they can cash in too. Are these so-called applicants entitled to damages under RCW 49.58.110? According to Plaintiff, "Absolutely!" What if it is a local second grade class that catches wind of the trend and the students begin applying for jobs – can they collect damages too? Plaintiff says, "You bet!" Interpreting RCW 49.58.110 to have a strict liability standard is disfavored and should be avoided otherwise it will

DEFENDANTS' COMBINED MOTION TO DISMISS AND STRIKE - 8  
Case No. 2:23-cv-01739-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.  
1201 Third Avenue, Suite 5150 | Seattle, WA 98101  
Phone: 206-693-7057 | Fax: 206-693-7058

1 lead to absurd results. *See United States v. LKAV*, 712 F.3d 436, 440 (9th Cir. 2013) ("[S]tatutory interpretations which would produce absurd results are to be avoided,") (citation and alteration omitted); *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 200, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (describing "the common mandate of statutory construction to avoid absurd results"); *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982) (stating that "interpretations of a statute which would produce absurd results are to be avoided").

Based on the foregoing, to avoid strict liability resulting in unintended consequences and absurd results, good faith and genuine interest must be a prima facie element of a claim under RCW 49.58.110. Because Plaintiff did not allege that he applied for a position with Defendants in good faith and with the intent of gaining employment, the First Cause of Action alleging a claim under RCW 49.58.110 should be dismissed.

### C. Plaintiff Cannot Obtain Injunctive and Declaratory Relief.

After dismissal of the RCW 49.58.110 claim, the Court should dismiss Plaintiff's Second Cause of Action for injunctive relief. Such "relief is a remedy and not a cause of action." *Blake v. United States Bank Nat'l Ass'n*, 2013 U.S. Dist. LEXIS 169268, *7 (W.D. Wash. Nov. 27, 2013).

Plaintiff's Third Cause of Action for a declaratory judgment should also be dismissed. Neither RCW 49.58.060 nor RCW 49.58.070 identify declaratory relief as a remedy. Even if Plaintiff is relying upon the Declaratory Judgment Act, Chapter 7.24 RCW, it "creates only a remedy, not a cause of action." *Bisson v. Bank of Am., N.A.*, 919 F.Supp.2d 1130, 1139 (W.D. Wash. 2013). "[T]he [C]ourt cannot grant declaratory relief in the absence of a substantive cause of action." *Id.* at 1139 (dismissing declaratory relief claim). Thus, there is no claim for declaratory relief.

///

///

///

DEFENDANTS' COMBINED MOTION TO DISMISS AND STRIKE - 9
Case No. 2:23-cv-01739-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## V. ARGUMENT FOR MOTION TO STRIKE

### A. Legal Standard.

Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may strike class allegations where the plaintiff cannot make a prima facie showing of Rule 23's requirements or where discovery is unlikely to result in information supporting the class allegation. *Doninger v. Pac. Nw. Bell, Inc*., 564 F.2d 1304, 1313 (9th Cir. 1977)). Fed. R. Civ. P. 23(a) requires a plaintiff seeking to bring a class certification to meet four requirements – numerosity, commonality, typicality, and adequacy of representation. In addition, a plaintiff must meet one of the requirements of Fed. R. Civ. P. 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

As discussed herein, in the very least, Plaintiff cannot demonstrate typicality (Fed. R. Civ. P. 23(a)(3)) and predominance (Fed. R. Civ. P. 23(b)(3)) for similar reasons. That is, Plaintiff and the putative class members that he purports to represent are subject to unique and individualized defenses, such as, but not limited to, whether each of them applied for a job with Defendants in good faith and with the intent to gain employment. The fact that Plaintiff cannot satisfy these requirements can be determined based on no more than a review of Plaintiff's Complaint. Put differently, no discovery is necessary to make these determinations, and the class allegations should be stricken, or in the very least, limited to the position for which Plaintiff applied at this early stage. *See, e.g., Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 208 F.R.D. 625, 633, 634 (W.D. Wash. 2002) (striking class allegations where little to no discovery took place); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010) (same).

### B. The Job Postings to which Plaintiff and the Putative Class Members Applied are Different and Their Claims under RCW 49.58.110 are Subject to Individualized Defenses.

Plaintiff's RCW 49.58.110 claim is atypical of the claims of the putative class members that he seeks to represent. "The test of typicality is whether other members have the same or

DEFENDANTS' COMBINED MOTION TO DISMISS AND STRIKE - 10
Case No. 2:23-cv-01739-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1 similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation omitted). "[R]epresentative claims are 'typical' if they are reasonably coextensive with those of absent class members […]." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, there is an absence of typicality because Plaintiff seeks to represent a class of applicants who applied for positions with Defendants that are different than the one for which he applied. Dkt. 2-1, ¶ 20.

In addition, predominance is lacking because individualized questions, instead of common ones, predominate. "The Rule 23(b)(3) predominance inquiry asks the court to make a global determination of whether common questions prevail over individualized ones." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016). Here, according to F700-200-000 issued by L&I after the effective date of the most recent amendments to the EPOA, the potential for liability to applicants under RCW 49.58.110 is limited to those "who have applied to a job in good faith with the intent of gaining employment." Pankratz Decl., ¶ 14. The good faith element of RCW 49.58.110 must be determined on a case-by-case basis resulting in a number of individualized questions, such as, but not limited to, whether the applicant is qualified for the position, whether the applicant is genuinely interested in the role, and whether the applicant intends to gain employment. The different answers of applicants to these questions will give rise to individualized defenses of Defendants to the RCW 49.58.110 claims of Plaintiff and the putative class members.

Accordingly, Plaintiff's inability to demonstrate at least two requirements of Fed. R. Civ. P. 23, typicality and predominance, is apparent from the face of the Complaint, and his class action allegations should be stricken.

Even if the Court determines it would be premature to strike Plaintiff's class allegations at the pleading stage, it should still limit them. Contrary to Plaintiff's overly-broad Class Definition encompassing every job posting of Defendants in Washington that did not include a wage scale or salary range, RCW 49.58.110 itself limits liability to the specific job posting at issue, and not all

DEFENDANTS' COMBINED MOTION TO DISMISS AND STRIKE - 11
Case No. 2:23-cv-01739-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

of them.  Further to this point, in Administrative Policy Number ES.E.1, L&I explained that "[a] person is only considered an "applicant" for the specific posting(s) they applied for, not for every available job of the employer."  Pankratz Decl., ¶ 13.

In other words, if Plaintiff can bring this claim (which he cannot as described above), then he would be authorized to do so only as to the specific job posting for which he applied.  Because Plaintiff did not apply for every job posting of Defendants encompassed by his overly-broad Class Definition, he is not an applicant for them, and thus, he has no standing to pursue a civil action as it relates to those job postings for which he did not apply.  Therefore, in the very least, Plaintiff's Class Definition should be limited to the specific job posting for which he applied.

## VI. **CONCLUSION**

For the reasons stated above, the Court should dismiss this lawsuit in entirety, and strike the class action allegations.

Respectfully submitted this 13th day of November, 2023.

I certify that this memorandum contains 3,795 words, in compliance with the Local Civil Rules.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Adam T. Pankratz*
Adam T. Pankratz, WSBA #50951
1201 Third Avenue, Suite 5150
Seattle, WA  98101
Telephone: (206) 693-7057
Facsimile: (206) 693-7058
Email: adam.pankratz@ogletree.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Mathew A. Parker*
Mathew A. Parker, OSBA #0093231
(appearing *pro hac vice*)
The KeyBank Building
88 East Broad Street, Suite 2025
Columbus, OH  43215
Telephone:  (614) 494-0420
Facsimile:  (614) 633-1455
Email:  mathew.parker@ogletree.com

*Attorneys for Defendants*

DEFENDANTS' COMBINED MOTION TO DISMISS AND STRIKE - 12
Case No. 2:23-cv-01739-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

# CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2023, I served the foregoing DEFENDANTS' COMBINED MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f) via the method(s) below to the following parties:

> Timothy W. Emery, WSBA #34078
> Patrick B. Reddy, WSBA #34092
> Paul Cipriani Jr., WSBA #59991
> EMERY | REDDY PLLC
> 600 Stewart Street, Suite 1100
> Seattle, WA  98101-1269
> Telephone:  (206) 442-9106
> Facsimile:  (206) 441-9711
> Email:    emeryt@emeryreddy.com
>           reddyp@emeryreddy.com
>           paul@emeryreddy.com
>
> *Attorneys for Plaintiff Jacob Atkinson*

☒ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐ by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 20th day of November, 2023 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Cheryl L. Kelley*
    Cheryl L. Kelley, Practice Assistant
    cheryl.kelley@ogletree.com

DEFENDANTS' COMBINED MOTION TO DISMISS AND STRIKE - 13
Case No. 2:23-cv-01739-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058