1

2                                                                    Honorable Judge Barbara J. Rothstein

3

4

5

6

7                          **UNITED STATES DISTRICT COURT**
                          **WESTERN DISTRICT OF WASHINGTON**
8                                   **SEATTLE DIVISION**

9    JACOB ATKINSON, individually and on          Case No. 2:23-cv-01739-BJR
     behalf of all others similarly situated,
10                                                **DEFENDANTS' SECOND COMBINED**
                    Plaintiff,                    **MOTION TO DISMISS PURSUANT TO**
11                                                **FRCP RULE 12(b)(6) AND MOTION TO**
             vs.                                  **STRIKE PURSUANT TO FRCP RULE**
12                                                **12(f)**
     HERC RENTALS, INC., a foreign corporation;
13   HERC RENTALS EMPLOYEE SERVICES
     LLC, a foreign limited liability company; and
14   DOES 1-20,                                   With Oral Argument

15                  Defendants.

16

17

18   **I.      INTRODUCTION**

19           Defendants Herc Rentals, Inc., and Herc Rentals Employee Services LLC (collectively,

20   "Defendants") respectfully submit this Second Combined Motion to Dismiss the Class Action

21   Complaint ("Complaint") filed by Plaintiff Jacob Atkinson ("Plaintiff"), pursuant to Fed. R. Civ.

22   P. 12(b)(6), and to Strike the Class Action Allegations in the Complaint, pursuant to Fed. R. Civ.

23   P. 12(f).

24           Plaintiff claims that on March 9, 2023, he applied for a job opening with Defendants, but

25   the job posting did not include the wage scale or salary range, in violation of RCW 49.58.110's

26

1   job posting requirements.  Dkt. 2-1, ¶¶ 16, 29-31.  However, Plaintiff failed to plead a plausible

2   claim for relief under RCW 49.58.110 for two reasons:

3   - First, RCW 49.58.110 applies only to applicants and employees who are residents
       of Washington, and Plaintiff failed to allege that he was a resident of Washington
4      at the time that he applied for a job with Defendants.  Moreover, Plaintiff cannot
       cure this failure by amending the Complaint because he was a resident of California
5      when he submitted his application, and the Complaint is subject to dismissal
       without leave to amend on this basis alone.  *See, e.g., Vess v. Ciba-Geigy Corp.*
6      *USA*, 317 F.3d 1097, 1107-08 (9th Cir. 2003) (noting dismissal may be without
7      leave where amendment would be futile).

8   - Second, RCW 49.58.110 requires an application to be made in good faith and with
       the intent to gain employment, but Plaintiff failed to allege that he applied for a job
9      with Defendants in such a manner.  Instead, Plaintiff attempts to recast RCW
       49.58.110 as a strict liability statute under which Defendants would be liable to any
10     individual who merely submits a job application, without regard to their
11     qualification, interest, and the like.  Such a scenario is disfavored and would lead
12     to absurd results.

13  Therefore, Plaintiff's First Cause of Action should be dismissed.

14      The Court should likewise dismiss Plaintiff's Second and Third Causes of Action for

15  injunctive and declaratory relief because there is no underlying substantive claim.

16      In addition, Plaintiff seeks to pursue his RCW 49.58.110 claim as a class action pursuant

17  to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of all individuals who, since January 1, 2023, applied

18  for a job opening with Defendants in Washington where the job posting did not include the wage

19  scale or salary range for the position.  Dkt. 2-1, ¶ 20.  Although Plaintiff failed to state a claim

20  under RCW 49.58.110 for the reasons described above, even if he had plausibly pleaded such a

21  claim, Plaintiff's class action allegations should be stricken.  That is because RCW 49.58.110

22  considers Plaintiff to be an applicant only for the specific job posting that he applied for, and thus,

23  he cannot purport to be representative of applicants for every available job of Defendants.

24  Accordingly, Plaintiff's class action allegations should be stricken, or in the very least, they should

25  be limited to the position for which he applied.

26

II.     **RELEVANT BACKGROUND FACTS**

    A.     **The Complaint and Plaintiff's Application.**

        Plaintiff alleges that, on or about March 9, 2023, he submitted an online application for a "ProSales Associate" position at Defendants' location located in Woodville, Washington. *Id.* at ¶ 16. Plaintiff attached to his Complaint screenshots of what he claims is the job posting for this position. *Id.* at Ex. 1. Plaintiff alleges that the job posting did not disclose the wage scale or salary range, in violation of RCW 49.58.110. *Id.* at ¶¶ 29-32. Plaintiff claims that, as a result, he lost valuable time applying for the job and he was unable to evaluate, negotiate, or compare the pay for the position to other ones. *Id.* at ¶¶ 17-18. Plaintiff seeks to bring his RCW 49.58.110 claim on a classwide basis encompassing the applicants for every job posting of Defendants in Washington that did not include a wage scale or salary range. *Id.* at ¶ 20.

        Plaintiff failed to allege that he applied in good faith and with a genuine interest in employment with Defendants. Nor did he allege that he had the requisite experience, skills, and qualifications for the position for which he applied.

        Although he alleged in his Complaint that he is a resident of King County, Washington, *id.* at ¶ 8, as part of his application, Plaintiff disclosed that he resided in Goleta, California at the time that he applied for the ProSales Associate position. Dkt. 3, Declaration of Derek Lively In Support of Defendants' Notice of Removal, Ex. 1 at ¶ 5; Dkt. 3-1. His application for the ProSales position consisted essentially of submitting his resume. *Id.* Despite applying for a sales position with Defendants, Plaintiff's resume reflected no sales-related experience whatsoever, but rather, experience, among other things, as a provider of acupuncture and massage services. *Id.*

    B.     **Plaintiff's Other Similar Cases.**

        In addition to this case, Plaintiff also initiated approximately 16 lawsuits based on nearly identical alleged violations of RCW 49.58.110. Pankratz Decl., ¶ 8. In doing so, Plaintiff took a scattershot approach of applying for positions including sales with Defendants, and a variety of other seemingly unrelated positions with AJP Enterprises, adidas America, Albertson's, Simon

DEFENDANTS' SECOND COMBINED
MOTIONS TO DISMISS AND STRIKE - 3
Case No. 2:23-cv-01739-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    Property Group, Jacobs Solutions, Office Depot, Burberry, Washington Fine Wine & Spirits,

2    Aaron's, Sonesta International Hotels, AMF Bowling Centers, Intercontinental Hotels Group,

3    Williams-Sonoma, and BP Products.  *Id.*

4            **C.      Washington Equal Pay and Opportunities Act.**

5            The EPOA, which was originally enacted in 2018 to update the existing Washington equal

6    pay act, aims to close the "gap in wages and advancement opportunities among workers in

7    Washington, especially women."  RCW 49.58.005(1).  Washington's legislature "intend[ed]" to

8    "address income disparities" and "to reflect equal status of all workers in Washington."  RCW

9    49.58.005(4).

10           Subsequently, in 2019, the Washington legislature amended the EPOA to require

11   Washington employers to disclose wage scales upon the request of an employee or an applicant

12   who has been offered a position.  Later, in 2022, the Washington legislature again amended the

13   EPOA.  This time the Washington legislature required covered Washington employers to disclose

14   wage scales in job postings.  *See* RCW 49.58.110.  According to the EPOA's legislative history,

15   this requirement was designed to facilitate a "discussion" about compensation "at the start of the

16   process instead of after an offer has been made" and to prevent "candidates [from] spend[ing]

17   hours going through rounds of interviews [without wage information]."  Dkt. 2-1, ¶ 3 (quoting

18   H.B. Rep. ESSB 5761, at 2-3 (Wash. 2022)).

19           The Washington State Department of Labor and Industries ("L&I"), which is the state

20   agency charged with enforcing and interpreting the EPOA, *see* RCW 49.58.010 and RCW

21   49.58.090, has provided guidance regarding the interpretation and application of the EPOA.  In

22   December of 2022, L&I issued Publication F700-225-000 containing updates about the EPOA's

23   new job posting requirements.  *See https://www.lni.wa.gov/forms-publications/F700-225-000.pdf*,

24   Pankratz Decl., ¶ 9, Ex. F.  Publication F700-225-000 explained that RCW 49.58.110, which

25   contained the EPOA's new job posting requirements, "applies to Washington based employees

26   and applicants."  *Id.* at 1.  In its previously released Administrative Policy Number ES.E.1, L&I

1    explained that "[a] person is only considered an "applicant" for the specific posting(s) they applied

2    for, not for every available job of the employer."   *See https://www.lni.wa.gov/workers-*

3    *rights/_docs/ese1.pdf*, Pankratz Decl., ¶ 10, Ex. G, at 9.  In February of 2023, L&I issued F700-

4    200-000, which explained that "L&I will investigate complaints filed by applicants who have

5    applied to a job in good faith with the intent of gaining employment."  *See https://lni.wa.gov/forms-*

6    *publications/F700-200-000.pdf*, Pankratz Decl., ¶ 11, Ex. H, at 1.

7    **III.    LEGAL STANDARD FOR MOTION TO DISMISS**

8             Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss claims for "failure to state a claim

9    upon which relief can be granted."  In evaluating a complaint that is challenged under Rule

10   (12)(b)(6), the Court must accept the allegations as true and construe the facts pled in the light

11   most favorable to the plaintiff.  *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  The

12   Court may not, however, "supply essential elements" of Plaintiff's claim.  *Ivey v. Bd. Of Regents*

13   *of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  To survive a motion to dismiss, a complaint

14   must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

15   on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic v. Twombly*, 550

16   U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by

17   mere conclusory statements do not suffice."  *Ashcroft*, 556 U.S. at 678.

18            While the Court must accept all well-pleaded facts as true, it need not "accept as true

19   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

20   inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Nor is the

21   Court required to accept legal conclusions cased in the form of factual allegations if those

22   conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*,

23   18 F.3d 752, 754-755 (9th Cir. 1994).

24            In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may "consider

25   certain materials – such as documents attached to the complaint, documents incorporated by

26   reference in the complaint, or matters of judicial notice – without converting the motion to dismiss

DEFENDANTS' SECOND COMBINED
MOTIONS TO DISMISS AND STRIKE - 5
Case No. 2:23-cv-01739-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    into a motion for summary judgment." *Hanson v. MGM Resorts Int'l,* 2017 U.S. Dist. LEXIS

2    113690, *4-5 (W.D. Wash. July 20, 2017).

3         As discussed herein, the EPOA's job posting requirements set forth in RCW 49.58.110 do

4    not apply to an applicant who is not a resident of Washington at the time that the individual applied.

5    Nor do they apply to unqualified applicants or those who have no genuine intention of interviewing

6    for and/or accepting the position at issue.  Instead, they apply to residents of Washington who have

7    applied for a job in good faith with the intent of gaining employment.  Since Plaintiff failed to

8    make any such allegations in the Complaint, and because RCW 49.58.110 neither applies to non-

9    Washington residents nor allows civil actions by applicants, Plaintiff has failed to state a claim for

10   relief.  Therefore, the Complaint should be dismissed.

11   **IV.    ARGUMENT FOR MOTION TO DISMISS**

12        **A.    Plaintiff failed to allege he was a Washington resident at the time he submitted
             an application to Defendant.**

13

14        The EPOA does not authorize a non-resident to assert a claim under RCW 49.58.110.  As

15   described above, the intent of the EPOA is to address "gap[s] in wages and advancement

16   opportunities among workers in Washington," RCW 49.58.005(1), and to protect "workers in

17   Washington state," RCW 49.58.005(2).  *See also*, Dkt. 2-1, ¶ 2.  Nothing in the EPOA's text gives

18   it an extraterritorial reach.  Further to this point, L&I's Publication F700-225-000 provides that

19   RCW 49.58.110, which contained the EPOA's new job posting requirements, "applies to

20   Washington based employees and applicants."  Pankratz Decl., ¶ 9, Ex. F, at 1.

21        Here, while Plaintiff alleges that he is presently a resident of King County, Washington,

22   Dkt. 2-1, ¶ 8, he failed to allege that he was a resident of Washington at the time that he applied

23   for a position with Defendants.  As explained above, Plaintiff, however, cannot even make such

24   an allegation in an amended pleading because he was a resident of California at that time.  Dkt. 3-

25   1.  Since the EPOA does not protect a non-resident applicant like Plaintiff, the First Cause of

26

DEFENDANTS' SECOND COMBINED
MOTIONS TO DISMISS AND STRIKE - 6
Case No. 2:23-cv-01739-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    Action alleging a claim under RCW 49.58.110 should be dismissed.  Since this defect cannot be

2    fixed by amendment, the dismissal should be without leave to amend.

3        **B.    Plaintiff failed to allege that he applied for a position with Defendants in good
4               faith and with the intent of gaining employment.**

5            The term "applicant" is undefined in the EPOA.  If the plain language is ambiguous, a court

6    may "resort to aids of statutory construction and legislative history."  *Univ. Ins., LLC v. Allstate*

7    *Ins. Co.*, 564 F. Supp. 3d 934, 939–40 (W.D. Wash. 2021) (quotation omitted).  An administrative

8    agency's interpretations of statutory text "are entitled to deference under Washington law and will

9    be upheld if they are a plausible construction of the statute or rule."  *Huntley v. Bonner's, Inc.*,

10   2003 U.S. Dist. LEXIS 26643, *12 n.4 (W.D. Wash. Aug. 14, 2003) (quotation omitted).

11           The Washington legislature intended for RCW 49.58.119 to protect applicants who applied

12   for positions in good faith and with the intent of gaining employment, particularly those applicants

13   who were or would be engaged in wage or salary discussions and interviews with employers.  *See,*

14   *e.g.,* H.B. Rep. ESSB 5761, at 2 (noting disclosure would allow for pay discussions at the outset),

15   https://lawfilesext.leg.wa.gov/biennium/2021-22/Pdf/Bill%20Reports/House/5761-

16   S.E%20HBR%20APH%2022.pdf?q=20231117063612, Pankratz Decl., ¶ 12, Ex. I.  In Publication

17   F700-200-000, L&I confirmed this good faith requirement when it explained that "L&I will

18   investigate complaints filed by applicants who have applied to a job in good faith with the intent

19   of gaining employment."  Pankratz Decl., ¶ 11, Ex. H, at 1.

20           Here, Plaintiff made no allegation that he applied for the position with Defendants in good

21   faith with the intent of gaining employment.  In fact, Plaintiff's application and conduct as it relates

22   to RCW 49.58.110 indicates that the opposite is true.  At the time that he applied for a position

23   with Defendants, Plaintiff apparently owned and operated an acupuncture and massage services

24   business in Goleta, California, which based on Google Maps is more than 1,000 miles away from

25   King County, Washington.  Pankratz Decl., ¶ 13.  Yet for some reason, he applied for a sales

26   position with Defendants, despite not having worked in such a role in his entire career.  Dkt. 3-1;

Pankratz Decl., ¶ 2.  Furthermore, in just the past several weeks and months, Plaintiff has become a serial job applicant and apparently a poster child for class actions under RCW 49.58.110.  Indeed, Plaintiff has applied for approximately 15 other low-level positions at office supply stores, hotel chains, gas stations, furniture stores, bowling allies, furniture rental companies, luxury fashion stores, and other employers in Washington, and shortly thereafter, he has filed similar class action lawsuits these employers.  Pankratz Decl., ¶ 8.  In other words, it seems like he was trolling career pages in search for job postings, but not the jobs themselves.  Plaintiff's conduct demonstrates that he is not applying for jobs in good faith or genuinely interested in gaining employment, but rather, he is much more interested in trying to collect money under RCW 49.58.110 from as many Washington employers as possible.

The Washington legislature did not intend for an applicant to be able to game the system using RCW 49.58.110 like Plaintiff.  *See, e.g.,* S.B. Rep. ESSB 5761, at 3 (noting "There could be some unintended consequences."),   https://lawfilesext.leg.wa.gov/biennium/2021-22/Pdf/Bill%20Reports/Senate/5761%20SBR%20LCTA%20OC%2022.pdf?q=2023111706361, Pankratz Decl., ¶ 12.  But that is what Plaintiff is attempting to do by recasting RCW 49.58.110 as a strict liability statute under which Washington employers would automatically be liable to any applicant who submits a job application, without regard to their qualification, genuine interest, and the like.  Consider how this scenario could play out.  Plaintiff's counsel has understandably been featured in a multitude of media placements regarding the nearly 50 class actions for about nine named plaintiffs that they have filed against Washington employers under RCW 49.58.110.  Imagine that these media placements go viral on social media, and before you know it, the general public starts applying for jobs left and right to see if they can cash in too.  Are these so-called applicants entitled to damages under RCW 49.58.110?  According to Plaintiff, "Absolutely!"  What if it is a local second grade class that catches wind of the trend and the students begin applying for jobs – can they collect damages too?  Plaintiff says, "You bet!"  Interpreting RCW 49.58.110 to have a strict liability standard is disfavored and should be avoided otherwise it will

DEFENDANTS' SECOND COMBINED
MOTIONS TO DISMISS AND STRIKE - 8
Case No. 2:23-cv-01739-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1  lead to absurd results. *See United States v. LKAV*, 712 F.3d 436, 440 (9th Cir. 2013) ("[S]tatutory

2  interpretations which would produce absurd results are to be avoided,") (citation and alteration

3  omitted); *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 200, 113 S.Ct. 716, 121 L.Ed.2d

4  656 (1993) (describing "the common mandate of statutory construction to avoid absurd results");

5  *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)

6  (stating that "interpretations of a statute which would produce absurd results are to be avoided").

7       Based on the foregoing, to avoid strict liability resulting in unintended consequences and

8  absurd results, good faith and genuine interest must be a prima facie element of a claim under

9  RCW 49.58.110.  Because Plaintiff did not allege that he applied for a position with Defendants

10  in good faith and with the intent of gaining employment, the First Cause of Action alleging a claim

11  under RCW 49.58.110 should be dismissed.

12       **C.    Plaintiff Cannot Obtain Injunctive and Declaratory Relief.**

13       After dismissal of the RCW 49.58.110 claim, the Court should dismiss Plaintiff's Second

14  Cause of Action for injunctive relief.  Such "relief is a remedy and not a cause of action." *Blake*

15  *v. United States Bank Nat'l Ass'n*, 2013 U.S. Dist. LEXIS 169268, *7 (W.D. Wash. Nov. 27,

16  2013).

17       Plaintiff's Third Cause of Action for a declaratory judgment should also be dismissed.

18  Neither RCW 49.58.060 nor RCW 49.58.070 identify declaratory relief as a remedy.  Even if

19  Plaintiff is relying upon the Declaratory Judgment Act, Chapter 7.24 RCW, it "creates only a

20  remedy, not a cause of action." *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D.

21  Wash. 2013).  "[T]he [C]ourt cannot grant declaratory relief in the absence of a substantive cause

22  of action." *Id.* at 1139 (dismissing declaratory relief claim).  Thus, there is no claim for declaratory

23  relief.

24  ///

25  ///

26  ///

1

**V.      ARGUMENT FOR MOTION TO STRIKE**

2

   **A.      Legal Standard.**

3

        Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient

4

defense or any redundant, immaterial, impertinent, or scandalous matter."  A court may strike class

5

allegations where the plaintiff cannot make a prima facie showing of Rule 23's requirements or

6

where discovery is unlikely to result in information supporting the class allegation.  *Doninger v.*

7

*Pac. Nw. Bell, Inc*., 564 F.2d 1304, 1313 (9th Cir. 1977)).  Fed. R. Civ. P. 23(a) requires a plaintiff

8

seeking to bring a class certification to meet four requirements – numerosity, commonality,

9

typicality, and adequacy of representation.   In addition, a plaintiff must meet one of the

10

requirements of Fed. R. Civ. P. 23(b).  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-

11

14, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

12

        As discussed herein, in the very least, Plaintiff cannot demonstrate typicality (Fed. R. Civ.

13

P. 23(a)(3)) and predominance (Fed. R. Civ. P. 23(b)(3)) for similar reasons.  That is, Plaintiff and

14

the putative class members that he purports to represent are subject to unique and individualized

15

defenses, such as, but not limited to, whether each of them applied for a job with Defendants in

16

good faith and with the intent to gain employment.  The fact that Plaintiff cannot satisfy these

17

requirements can be determined based on no more than a review of Plaintiff's Complaint.  Put

18

differently, no discovery is necessary to make these determinations, and the class allegations

19

should be stricken, or in the very least, limited to the position for which Plaintiff applied at this

20

early stage. *See, e.g., Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 208 F.R.D. 625, 633, 634

21

(W.D. Wash. 2002) (striking class allegations where little to no discovery took place); *Stearns v.*

22

*Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010) (same).

23

24

   **B.      The Job Postings to which Plaintiff and the Putative Class Members Applied are Different and Their Claims under RCW 49.58.110 are Subject to Individualized Defenses.**

25

        Plaintiff's RCW 49.58.110 claim is atypical of the claims of the putative class members

26

that he seeks to represent.  "The test of typicality is whether other members have the same or

DEFENDANTS' SECOND COMBINED
MOTIONS TO DISMISS AND STRIKE - 10
Case No. 2:23-cv-01739-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation omitted). "[R]epresentative claims are 'typical' if they are reasonably coextensive with those of absent class members […]." *Staton v. Boeing Co*., 327 F.3d 938, 957 (9th Cir. 2003). Here, there is an absence of typicality because Plaintiff seeks to represent a class of applicants who applied for positions with Defendants that are different than the one for which he applied. Dkt. 2-1, ¶ 20.

In addition, predominance is lacking because individualized questions, instead of common ones, predominate. "The Rule 23(b)(3) predominance inquiry asks the court to make a global determination of whether common questions prevail over individualized ones." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016). Here, according to F700-200-000 issued by L&I after the effective date of the most recent amendments to the EPOA, the potential for liability to applicants under RCW 49.58.110 is limited to those "who have applied to a job in good faith with the intent of gaining employment." Pankratz Decl., ¶ 11. The good faith element of RCW 49.58.110 must be determined on a case-by-case basis resulting in a number of individualized questions, such as, but not limited to, whether the applicant is qualified for the position, whether the applicant is genuinely interested in the role, and whether the applicant intends to gain employment. The different answers of applicants to these questions will give rise to individualized defenses of Defendants to the RCW 49.58.110 claims of Plaintiff and the putative class members.

Accordingly, Plaintiff's inability to demonstrate at least two requirements of Fed. R. Civ. P. 23, typicality and predominance, is apparent from the face of the Complaint, and his class action allegations should be stricken.

Even if the Court determines it would be premature to strike Plaintiff's class allegations at the pleading stage, it should still limit them. Contrary to Plaintiff's overly-broad Class Definition encompassing every job posting of Defendants in Washington that did not include a wage scale or salary range, RCW 49.58.110 itself limits liability to the specific job posting at issue, and not all

DEFENDANTS' SECOND COMBINED
MOTIONS TO DISMISS AND STRIKE - 11
Case No. 2:23-cv-01739-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1  of them.  Further to this point, in Administrative Policy Number ES.E.1, L&I explained that "[a]

2  person is only considered an "applicant" for the specific posting(s) they applied for, not for every

3  available job of the employer."  Pankratz Decl., ¶ 10.

4       In other words, if Plaintiff can bring this claim (which he cannot as described above), then

5  he would be authorized to do so only as to the specific job posting for which he applied.  Because

6  Plaintiff did not apply for every job posting of Defendants encompassed by his overly-broad Class

7  Definition, he is not an applicant for them, and thus, he has no standing to pursue a civil action as

8  it relates to those job postings for which he did not apply.  Therefore, in the very least, Plaintiff's

9  Class Definition should be limited to the specific job posting for which he applied.

10  **VI.**  **CONCLUSION**

11       For the reasons stated above, the Court should dismiss this lawsuit in entirety, and strike

12  the class action allegations.

13  **CERTIFICATION OF CONFERRAL**

14       Counsel for Defendant certifies that the parties made a good-faith effort to confer to avoid

15  filing this Motion, including two meet-and-confer sessions on November 28, 2023 and

16  December 1, 2023.  The parties were unable to reach an agreement to avoid the Motion.

17       Respectfully submitted this 5th day of December, 2023.

18  I certify that this memorandum contains     OGLETREE, DEAKINS, NASH, SMOAK &

19  3,853 words, in compliance with the     STEWART, P.C.
     Local Civil Rules.

20       By: */s/ Adam T. Pankratz*
     Adam T. Pankratz, WSBA #50951

21       1201 Third Avenue, Suite 5150

22       Seattle, WA  98101
     Telephone: (206) 693-7057

23       Facsimile: (206) 693-7058
     Email: adam.pankratz@ogletree.com

24

25

26

DEFENDANTS' SECOND COMBINED     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
MOTIONS TO DISMISS AND STRIKE - 12     1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Case No. 2:23-cv-01739-BJR     Phone: 206-693-7057 | Fax: 206-693-7058

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Mathew A. Parker*
    Mathew A. Parker, OSBA #0093231
    (appearing *pro hac vice*)
    The KeyBank Building
    88 East Broad Street, Suite 2025
    Columbus, OH  43215
    Telephone:  (614) 494-0420
    Facsimile:  (614) 633-1455
    Email:  mathew.parker@ogletree.com

*Attorneys for Defendants Herc Rentals, Inc., and Herc Rentals Employee Services LLC*

DEFENDANTS' SECOND COMBINED
MOTIONS TO DISMISS AND STRIKE - 13
Case No. 2:23-cv-01739-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2023, I served the foregoing DEFENDANTS'
SECOND COMBINED MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6) AND
MOTION TO STRIKE PURSUANT TO FRCP RULE 12(f) via the method(s) below to the
following parties:

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani Jr., WSBA #59991
EMERY | REDDY PLLC
600 Stewart Street, Suite 1100
Seattle, WA  98101-1269
Telephone:  (206) 442-9106
Facsimile:  (206) 441-9711
Email:    emeryt@emeryreddy.com
             reddyp@emeryreddy.com
             paul@emeryreddy.com

*Attorneys for Plaintiff Jacob Atkinson*

☒    by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐    by **mailing** a true and correct copy to the last known address of each person listed above.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐    by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 5th day of December, 2023 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

By: */s/ Cheryl L. Kelley*
     Cheryl L. Kelley, Practice Assistant
     cheryl.kelley@ogletree.com

DEFENDANTS' SECOND COMBINED
MOTIONS TO DISMISS AND STRIKE - 14
Case No. 2:23-cv-01739-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058